EDWARD H. KUBO, JR.   #2499
United States Attorney
District of Hawaii

ELLIOT ENOKI   #1528
First Assistant U. S. Attorney

FLORENCE T. NAKAKUNI   #2286
Assistant U. S. Attorney
PJKK Federal Building
300 Ala Moana Blvd., Room 6-100
Honolulu, HI  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email:  florence.nakakuni@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PETER POSANG WONG,<br><br>Defendant. | CR. NO. CR03 00368 DAE<br><br>[18 U.S.C. §§ 1033(a)(c) and 2] |

INDICTMENT

The Grand Jury charges that:

General Allegations

At times material herein:

1.  Defendant PETER POSANG WONG controlled the affairs
of Pacific Group Medical Association (PGMA), Pacific Equity
Growth & Management (PEGM), and Pacific Benefit Services (PBS).

2.   Pacific Group Medical Association (PGMA) was a nonprofit corporation incorporated in the State of Hawaii exclusively for the purposes of: (i) providing medical indemnity benefits to members; and (ii) operating exclusively as a Mutual Benefit Society and medical indemnity association within the meaning of Chapter 432 of the Hawaii Revised Statutes, as amended.

3.   PGMA was a person and business engaged in the business of insurance and its activities affected interstate commerce.  PGMA provided medical benefits to numerous employers in the State of Hawaii as well as the United Public Workers, Local 646, American Federation of State, Municipal and County Employees (AFSCME) and to the Hawaii Government Employees Association, AFSCME Local 152, AFL-CIO.

4.   Pacific Equity Growth and Management (PEGM) was a corporation incorporated in the State of Hawaii for the purpose of Insurance Sales and Services to the public.

5.   PEGM rendered management and marketing services to PGMA.

6.   Defendant PETER POSANG WONG was President and a shareholder of PEGM.

7.   Pacific Benefit Services (PBS) was a corporation incorporated in the State of Hawaii for the purpose of providing third party health care claims administration.

2

8.   Pacific Benefit Services (PBS) rendered claims administration services to PGMA.

9.   PEGM rendered certain management services to PBS.

10.   Defendant PETER POSANG WONG supervised the activities of certain PBS employees.

11.   Defendant PETER POSANG WONG was an agent of PGMA, was engaged in the business of insurance, and his activities affected interstate commerce.

12.   PGMA received a certificate of compliance authorizing it to operate as a Mutual Benefit Society from the Insurance Division, Department of Commerce and Consumer Affairs, State of Hawaii (Insurance Division).

13.   PGMA was required to file periodic financial statements, including annual financial statements in accordance with the National Association of Insurance Commissioners' Form 13 for Hospital, Medical, and Dental Service or Indemnity Corporations, with the Insurance Division.

14.   PGMA's financial statements were subject to periodic examination by the Insurance Division to determine compliance with financial requirements mandated by Hawaii State law.

15.   The Insurance Division conducted an examination of PGMA's 1994 annual financial statement and determined that PGMA showed a deficit and as a result, the Insurance Division required

3

PGMA to infuse additional money into PGMA and to file monthly financial statements which the Insurance Division reviewed to ensure that PGMA did not show a deficit.

COUNT 1

(18 U.S.C. § 1033(a))

The Grand Jury further charges that:

16.   Paragraphs 1-15 of this Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

17.   On or about March 27, 1996, in the District of Hawaii, defendant PETER POSANG WONG, being engaged in the business of insurance and whose activities affected interstate commerce, did knowingly and with intent to deceive make and cause to be made a false material statement in connection with a financial report and document presented to the Insurance Division, an insurance regulatory agency, that is, a letter dated February 12, 1996 regarding "Statement of Actuarial Opinion Loss Reserve Certification" as of December 31, 1995, presented to the Insurance Division on or about March 27, 1996 for the purpose of influencing the actions of the Insurance Division, to wit, the following false statement:

> Loss Reserves to be reported in the Financial
> Statements:   $3,481,000

4

when in truth and in fact, as defendant PETER POSANG WONG then and there well knew, the accurate loss reserve was significantly higher than that amount.

All in violation of Title 18, United States Code, Sections 1033(a) and 2.

COUNT 2

(18 U.S.C. § 1033(a))

The Grand Jury further charges that:

18.    Paragraphs 1-15 of this Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

19.    On or about March 27, 1996, in the District of Hawaii, defendant PETER POSANG WONG, being engaged in the business of insurance and whose activities affected interstate commerce, did knowingly and with intent to deceive make and cause to be made false material statements and willfully and materially overvalue and cause to be materially overvalued property in connection with a financial report and document presented to the Insurance Division, an insurance regulatory agency, that is, the Form 13, Annual Statement of PGMA to the Insurance Department of the State of Hawaii for the Year Ended December 31, 1995, dated March 21, 1996 and presented to the Insurance Division on or about March 27, 1996 for the purpose of influencing the actions

5

of the Insurance Division, to wit, the following false statements
and overvaluation:

LIABILITIES, RESERVES AND OTHER FUNDS

1.  Claims unpaid . . . 3,481,000

. . .

20.  Total reserves and unassigned funds . . .
1,637,209

when in truth and in fact, as defendant PETER POSANG WONG then
and there well knew, the accurate claims unpaid liability was
significantly higher than that amount and the accurate total
reserves and unassigned funds was significantly lower than that
amount.

All in violation of Title 18, United States Code,
Sections 1033(a) and 2.

COUNT 3

(18 U.S.C. § 1033(a))

The Grand Jury further charges that:

20.  Paragraphs 1-15 of this Indictment are hereby
realleged and incorporated by reference as if fully set forth
herein.

21.  On or about March 28, 1996, in the District of
Hawaii, defendant PETER POSANG WONG, being engaged in the
business of insurance and whose activities affected interstate
commerce, did knowingly and with intent to deceive make and cause

6

to be made false material statements and willfully and materially overvalue and cause to be materially overvalued property in connection with a financial report and document presented to the Insurance Division, an insurance regulatory agency, that is, a document entitled "Management Discussion and Analysis Pacific Group Medical Association 1995 NAIC Company Code 47078", presented to the Insurance Division on or about March 28, 1996 for the purpose of influencing the actions of the Insurance Division, to wit, the following false statements and overvaluation:

> The Company's two principal liabilities at December 31, 1995 were its unpaid Claims Reserve of $3.5 million and . . . .
>
> . . . . PGMA' Reserves and Unassigned Funds grew to more than $1.6 million or a $1,983,000 increase from 12/31/94.

when in truth and in fact, as defendant PETER POSANG WONG then and there well knew, the accurate unpaid claims reserve was significantly higher than that amount and the accurate reserves and unassigned funds was significantly lower than that amount.

All in violation of Title 18, United States Code, Sections 1033(a) and 2.


## COUNT 4

(18 U.S.C. § 1033(a))

The Grand Jury further charges that:

7

22.   Paragraphs 1-15 of this Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

23.   On or about April 19, 1996, in the District of Hawaii, defendant PETER POSANG WONG, being engaged in the business of insurance and whose activities affected interstate commerce, did knowingly and with intent to deceive make and cause to be made false material statements and willfully and materially overvalue and cause to be materially overvalued property in connection with a financial report and document presented to the Insurance Division, an insurance regulatory agency, that is, a document entitled "PACIFIC GROUP MEDICAL ASSOCIATION INDEPENDENT AUDITOR'S REPORT December 31, 1995 and 1994," dated March 29, 1996 and presented to the Insurance Division on or about April 19, 1996 for the purpose of influencing the actions of the Insurance Division, to wit, the following false statements and overvaluation:

Pacific Group Medical Association
STATEMENT OF ADMITTED ASSETS, LIABILITIES, AND SURPLUS -
STATUTORY BASIS

December 31, 1995 and 1994

.   .   .

LIABILITIES AND SURPLUS

|                          | 1995        |
|--------------------------|-------------|
| Reserve for claim losses | $3,481,000  |

.   .   .

8

SURPLUS

. . .

Total reserves and unassigned funds     1,637,209

when in truth and in fact, as defendant PETER POSANG WONG then
and there well knew, the accurate reserve for claim losses was
significantly higher than that amount and the accurate total
reserves and unassigned funds was significantly lower than that
amount.

All in violation of Title 18, United States Code,
Sections 1033(a) and 2.

## COUNT 5

(18 U.S.C. § 1033(c))

The Grand Jury further charges that:

24.   Paragraphs 1-15 of this Indictment are hereby
realleged and incorporated by reference as if fully set forth
herein.

25.   On or about April 12, 1996, in the District of
Hawaii, defendant PETER POSANG WONG, being engaged in the
business of insurance and whose activities affected interstate
commerce, and being involved in a transaction relating to the
conduct of the affairs of PGMA, an entity engaged in the business
of insurance and whose activities affected interstate commerce,
did knowingly make and cause to be made false statements of
material fact in a report and statement of PGMA, that is, a PGMA

9

letter dated April 12, 1996, with the intent to deceive a person, including officers, employees and agents of such person and entity engaged in the business of insurance, insurance regulatory officials and agencies, and agents and examiners appointed by such official and agency to examine the affairs of such person and entity, about the financial condition and solvency of such business, to wit, the following false entries:

    2.    We have made available to you all -

        a.    Financial records and related data.

            . . .

    3.    There have been no -

        a.    Irregularities involving management or employees who have significant roles in the internal control structure.

            . . .

    6.    There are no -

        a.    Violations or possible violations of laws or regulations whose effect should be considered for disclosure in the financial statements or as a basis for recording a loss contingency.

            . .. .

    9.    There are no material transactions that have not been properly recorded in the accounting records underlying the financial statements.

            . . .

    12.    In accordance with procedures prescribed by the National Association of Insurance Commissioners, assets are stated as follows:

        a.    We have computed incurred but not
             reported [IBNR] claims using proper
             claims experience data and included it
             in the financial statement.

. . .

14.    We have identified all accounting estimates
        that could be material to the financial
        statements, including the key factors and
        significant assumptions underlying those
        estimates, and we believe the estimates are
        reasonable under the circumstances.

when in truth and in fact, as defendant PETER POSANG WONG then

and there well knew, the IBNR liability was not calculated using

proper claims experience data, significant assumptions underlying

the IBNR liability were incorrect, the IBNR liability was not

properly recorded in the accounting records underlying the

financial statements, PGMA did not make available all financial

records and related data, there were irregularities involving

management in that defendant PETER POSANG WONG had a significant

role in the internal control structure, and there were violations

and possible violations of law and regulations whose effect

should have been considered for disclosure in the financial

statements in that defendant PETER POSANG WONG falsified and

caused to be falsified the IBNR liability.

      All in violation of Title 18, United States Code,

Sections 1033(c) and 2.

11

<u>COUNT 6</u>

(18 U.S.C. 1033(c))

The Grand Jury further charges that:

26. Paragraphs 1-15 of this Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

27. On or about May 6, 1996, in the District of Hawaii, defendant PETER POSANG WONG, being engaged in the business of insurance and whose activities affected interstate commerce, and being involved in a transaction relating to the conduct of the affairs of PGMA, an entity engaged in the business of insurance and whose activities affected interstate commerce, did knowingly make and cause to be made false statements of material fact in a report and statement of PGMA, that is, correspondence to PGMA Agents dated May 6, 1996 attaching the document entitled "PACIFIC GROUP MEDICAL ASSOCIATION INDEPENDENT AUDITOR'S REPORT December 31, 1995 and 1994" dated March 29, 1996, with the intent to deceive a person, including officers, employees and agents of such person and entity engaged in the business of insurance, insurance regulatory officials and agencies, and agents and examiners appointed by such official and agency to examine the affairs of such person and entity, about the financial condition and solvency of such business, to wit, the following false entries:

12

Pacific Group Medical Association
STATEMENT OF ADMITTED ASSETS, LIABILITIES, AND SURPLUS -
STATUTORY BASIS

December 31, 1995 and 1994

. . .

LIABILITIES AND SURPLUS

|  | 1995 |
|---|---|
| Reserve for claim losses | $3,481,000 |

. . .

SURPLUS

. . .

| Total reserves and unassigned funds | 1,637,209 |
|---|---|

and the following false statements:

> As you know, we have been under constant attack by
> some of our competitors who have been trying to
> spread rumors that we are not financially sound.
> This information demonstrates beyond a doubt that
> we are about as strong as a company can get.  We
> have bank deposits and CD's of $3.8 million which
> is $350,000 more than our outside actuary has
> estimated for all of our known and as yet unknown
> (incurred but not reported) claims.  In other
> words, once we pay every possible claim, we would
> still have $350,00[0] in cash left over.  Our
> total reserves and unassigned funds (net worth for
> a regular "for profit" company) of $1.6 million
> which is almost $1 million more than the laws of
> Hawaii required for a company like us.

when in truth and in fact, as defendant PETER POSANG WONG then

and there well knew, the accurate reserve for claim losses was

significantly higher than $3,481,000 and the accurate total

reserves and unassigned funds was significantly lower than

$1,637,209 and PGMA's assets did not exceed its unpaid claims

13

liability by $350,000, and its total reserves and unassigned funds was significantly lower than $1.6 million.

All in violation of Title 18, United States Code, Sections 1033(c) and 2.

COUNT 7

(18 U.S.C. 1033(c))

The Grand Jury further charges that:

28.    Paragraphs 1-15 of this Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

29.    Between on or about June 6, 1996 and on or about July 28, 1996, in the District of Hawaii, defendant PETER POSANG WONG, being engaged in the business of insurance and whose activities affected interstate commerce, and being involved in a transaction relating to the conduct of the affairs of PGMA, an entity engaged in the business of insurance and whose activities affected interstate commerce, did knowingly make and cause to be made false statements of material fact in a report and statement of PGMA, that is, a document entitled "FINANCIAL REPORT OF THE PACIFIC GROUP MEDICAL ASSOCIATION," for the Year Ended December 31, 1995, addressed "To the Membership of the Pacific Group Medical Association," with the intent to deceive a person, including any officers, employees and agents of such person and entity engaged in the business of insurance, insurance regulatory

14

officials and agencies, and agents and examiners appointed by
such official and agency to examine the affairs of such person
and entity, about the financial condition and solvency of such
business, to wit, the following false entries:

| | LIABILITIES AND SURPLUS |
|---|---|
| Claims Reserves | 3,656,000.00 |
| . . . | |
| **Total Reserves and Surplus** | **$1,637,209.00** |

when in truth and in fact, as defendant PETER POSANG WONG then
and there well knew, the accurate claims reserve liability was
significantly higher than that amount and the accurate total
reserves and surplus was significantly lower than that amount.

All in violation of Title 18, United States Code,
Sections 1033(c) and 2.


COUNT 8

(18 U.S.C. § 1033(c))

The Grand Jury further charges that:

30.   Paragraphs 1-15 of this Indictment are hereby
realleged and incorporated by reference as if fully set forth
herein.

31.   On or about July 28, 1996, in the District of
Hawaii, defendant PETER POSANG WONG, being engaged in the
business of insurance and whose activities affected interstate

15

commerce, and being involved in a transaction relating to the conduct of the affairs of PGMA, an entity engaged in the business of insurance and whose activities affected interstate commerce, did knowingly make and cause to be made false statements of material fact in a report and statement of PGMA, that is, a publication of the FINANCIAL REPORT OF THE PACIFIC GROUP MEDICAL ASSOCIATION, for the Year Ended December 31, 1995, published in the Honolulu Advertiser, a newspaper of daily circulation, with the intent to deceive a person, including officers, employees and agents of such person and entity engaged in the business of insurance, insurance regulatory officials and agencies, and agents and examiners appointed by such official and agency to examine the affairs of such person and entity, about the financial condition and solvency of such business, to wit, the following false entries:

|  | LIABILITIES AND SURPLUS |
| --- | --- |
| Claims Reserves | 3,656,000.00 |
| **Total Reserves and Surplus** | **$1,637,209.00** |

when in truth and in fact, as defendant PETER POSANG WONG then and there well knew, the accurate claims reserve liability was significantly higher than that amount and the accurate total reserves and surplus was significantly lower than that amount.

All in violation of Title 18, United States Code, Sections 1033(c) and 2.

16

COUNT 9

(18 U.S.C. § 1033(a))

The Grand Jury further charges that:

32.    Paragraphs 1-15 of this Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

33.    On or about June 21, 1996, in the District of Hawaii, defendant PETER POSANG WONG, being engaged in the business of insurance and whose activities affected interstate commerce, did knowingly and with intent to deceive make and cause to be made false material statements and willfully and materially overvalue and cause to be materially overvalued property in connection with a financial report and document presented to the Insurance Division, an insurance regulatory agency, that is, the Form 13, Quarterly Statement of PGMA to the Insurance Department of the State of Hawaii for the Quarter Ended March 31, 1996, dated June 18, 1996 and presented to the Insurance Division on or about June 21, 1996 for the purpose of influencing the actions of the Insurance Division, to wit, the following false statements and overvaluation:

LIABILITIES, RESERVES AND OTHER FUNDS

1.    Claims unpaid . . . 2,971,000

. . .

20.    Total reserves and unassigned funds . . . 1,953,161

17

when in truth and in fact, as defendant PETER POSANG WONG then and there well knew, the accurate claims unpaid liability was significantly higher than that amount and the total reserves and unassigned funds was significantly lower than that amount.

All in violation of Title 18, United States Code, Sections 1033(a) and 2.

COUNT 10

(18 U.S.C. § 1033(a))

The Grand Jury further charges that:

34.    Paragraphs 1-15 of this Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

35.    In or about October 1996, in the District of Hawaii, defendant PETER POSANG WONG, being engaged in the business of insurance and whose activities affected interstate commerce, did knowingly and with intent to deceive make and cause to be made false material statements and willfully and materially overvalue and cause to be materially overvalued property in connection with a financial report and document presented to the Insurance Division, an insurance regulatory agency, that is, PGMA's September 30, 1996 Balance Sheet presented to the Insurance Division in or about October 1996 for the purpose of

18

influencing the actions of the Insurance Division, to wit, the
following false statements and overvaluation:

LIABILITIES, RESERVES & UNASSIGNED FUND

LONGTERM LIABILITIES
   CLAIMS PAYABLE/IBNR        3,000,000

. . .

**TOTAL RESERVES & UNASSIGNED [FUNDS]**   1,022,435.36

when in truth and in fact, as defendant PETER POSANG WONG then
and there well knew, the accurate claims payable/IBNR liability
was significantly higher than that amount and the accurate total
reserves and unassigned funds was significantly lower than that
amount.

All in violation of Title 18, United States Code,
Sections 1033(a) and 2.


COUNT 11

(18 U.S.C. § 1033(a))

The Grand Jury further charges that:

36.  Paragraphs 1-15 of this Indictment are hereby
realleged and incorporated by reference as if fully set forth
herein.

37.  On or about November 12, 1996, in the District of
Hawaii, defendant PETER POSANG WONG, being engaged in the
business of insurance and whose activities affected interstate
commerce, did knowingly and with intent to deceive make and cause

19

to be made false material statements and willfully and materially overvalue and cause to be materially overvalued property in connection with a financial report and document presented to the Insurance Division, an insurance regulatory agency, that is, the Form 13, Quarterly Statement of PGMA to the Insurance Department of the State of Hawaii for the Quarter Ended September 30, 1996, dated November 2, 1996 and presented to the Insurance Division on or about November 12, 1996 for the purpose of influencing the actions of the Insurance Division, to wit, the following false statements and overvaluation:

LIABILITIES, RESERVES AND OTHER FUNDS

1.   Claims unpaid . . . 3,000,000

. . .

20.  Total reserves and unassigned funds . . . .
     1,022,435

when in truth and in fact, as defendant PETER POSANG WONG then and there well knew, the accurate claims unpaid liability was significantly higher than that amount and the total reserves and unassigned funds was significantly lower than that amount.

All in violation of Title 18, United States Code, Sections 1033(a) and 2.

COUNT 12

(18 U.S.C. § 1033(a))

The Grand Jury further charges that:

20

38.    Paragraphs 1-15 of this Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

39.    On or about December 2, 1996, in the District of Hawaii, defendant PETER POSANG WONG, being engaged in the business of insurance and whose activities affected interstate commerce, did knowingly and with intent to deceive make and cause to be made false material statements in connection with a financial report and document presented to the Insurance Division, an insurance regulatory agency, that is, a PGMA letter to a Chief Financial Analyst at the State of Hawaii, Insurance Division, presented to the Insurance Division on or about December 2, 1996 for the purpose of influencing the actions of the Insurance Division, to wit, the following false statements:

> Claim adjustment expenses are a function of the IBNR which declined from $3,481,000 to $3,000,000 between 12/31/95 & 9/30/96.

when in truth and in fact, as defendant PETER POSANG WONG then and there well knew, the IBNR did not decline from December 31, 1995 and September 30, 1996, and the accurate IBNR liability was significantly higher than the amount reported in the letter.

All in violation of Title 18, United States Code, Sections 1033(a) and 2.

COUNT 13

(18 U.S.C. § 1033(a))

The Grand Jury further charges that:

40.    Paragraphs 1-15 of this Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

41.    In or about November 1996, in the District of Hawaii, defendant PETER POSANG WONG, being engaged in the business of insurance and whose activities affected interstate commerce, did knowingly and with intent to deceive make and cause to be made false material statements and willfully and materially overvalue and cause to be materially overvalued property in connection with a financial report and document presented to the Insurance Division, an insurance regulatory agency, that is, PGMA'S October 31, 1996 Balance Sheet, presented to the Insurance Division in or about November 1996 for the purpose of influencing the actions of the Insurance Division, to wit, the following false statements and overvaluation:

LIABILITIES, RESERVES & ASSIGNED FUND

LONGTERM LIABILITIES
CLAIMS PAYABLE/IBNR                     3,000,000

. . .

**TOTAL RESERVES AND UNASSIGNED [FUNDS]**        884,753.87

when in truth and in fact, as defendant PETER POSANG WONG then and there well knew, the accurate claims payable/IBNR was

22

significantly higher than that amount and the total reserves and unassigned funds was significantly lower than that amount.

All in violation of Title 18, United States Code, Sections 1033(a) and 2.

## COUNT 14

(18 U.S.C. § 1033(a))

The Grand Jury further charges that:

42.   Paragraphs 1-15 of this Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

43.   On or about December 31, 1996, in the District of Hawaii, defendant PETER POSANG WONG, being engaged in the business of insurance and whose activities affected interstate commerce, did knowingly and with intent to deceive make and cause to be made false material statements and willfully and materially overvalue and cause to be materially overvalued property in connection with a financial report and document presented to the Insurance Division, an insurance regulatory agency, that is, PGMA'S November 30, 1996 Balance Sheet, presented to the Insurance Division on or about December 31, 1996 for the purpose of influencing the actions of the Insurance Division, to wit, the following false statements and overvaluation:

LIABILITIES, RESERVES & ASSIGNED FUNDS

LONGTERM LIABILITIES
  CLAIMS PAYABLE/IBNR                          3,500,000

23

**TOTAL RESERVES AND UNASSIGNED [FUNDS]**          629,825.23

when in truth and in fact, as defendant PETER POSANG WONG then and there well knew, the accurate claims payable/IBNR was significantly higher than that amount and the accurate total reserves and unassigned funds was significantly lower than that amount.

All in violation of Title 18, United States Code, Sections 1033(a) and 2.

## COUNT 15

(18 U.S.C. § 1033(a))

The Grand Jury further charges that:

44.   Paragraphs 1-15 of this Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

45.   On or about January 13, 1997, in the District of Hawaii, defendant PETER POSANG WONG, being engaged in the business of insurance and whose activities affected interstate commerce, did knowingly and with intent to deceive make and cause to be made a false material statement in connection with a document presented to the Insurance Division, an insurance regulatory agency, that is, a PGMA letter to the State Of Hawaii Insurance Division, presented to the Insurance Division on or

24

about January 13, 1997 for the purpose of influencing the actions

of the Insurance Division, to wit, the following false statement:

> PBS, Inc. has also informed me of some internal
> changes in the claims department.  The training of
> new hires and emergency leaves left the department
> to manage unexpected additional responsibilities.
> PBS, Inc. feels that this was one of the
> contributing factors that caused them to fall
> short of 18 days from their inner department goal
> of 45 working days.  The claims department was
> temporarily short staffed but is currently fully
> operational.

when in truth and in fact, as defendant PETER POSANG WONG then

and there well knew, claims payment delays resulted from PETER

POSANG WONG's claims payment manipulation and not as a result of

new hires and emergency leaves.

All in violation of Title 18, United States Code,

Sections 1033(a) and 2.


COUNT 16

(18 U.S.C. § 1033(a))

The Grand Jury further charges that:

46.  Paragraphs 1-15 of this Indictment are hereby

realleged and incorporated by reference as if fully set forth

herein.

47.  On or about January 22, 1997, in the District of

Hawaii, defendant PETER POSANG WONG, being engaged in the

business of insurance and whose activities affected interstate

commerce, did knowingly and with intent to deceive make and cause

to be made a false material statement in connection with a
document presented to the Insurance Division, an insurance
regulatory agency, that is, a PGMA letter to the State Of Hawaii
Insurance Division, presented to the Insurance Division on or
about January 22, 1997 for the purpose of influencing the actions
of the Insurance Division, to wit, the following false statement:

> In discussing the matter with PBS, Inc., I
> realized the factors which may have contributed to
> the number of complaints received between July and
> December of 1996.
>
> I was informed of the internal changes in
> personnel that took place in the claims
> department.  The changes affected the structure of
> the claims department as all personnel were
> required to make necessary adjustments aside from
> their daily routine.  Added responsibilities are
> entailed, such as the training of new hires due to
> the growth in new PGMA groups and the open
> enrollment period for two of PGMA's largest
> accounts.  The claims department became inundated
> with a substantial amount of claims incurred by
> these new members.
>
> In order to speed up the claims payment process,
> PBS indicated that they will hire additional
> claims processors to handle current and future
> claims.

when in truth and in fact, as defendant PETER POSANG WONG then
and there well knew, claims payment delays resulted from PETER
POSANG WONG's claims payment manipulation and not as a result of
changes affecting the structure of the claims department.

//

//

//

26

All in violation of Title 18, United States Code, Sections 1033(a) and 2.

DATED: _____ JUL 24 _____, 2003, at Honolulu, Hawaii.

A TRUE BILL

/s/
_____
FOREPERSON, GRAND JURY


EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
ELLIOT ENOKI
First Assistant U.S. Attorney


_____
FLORENCE T. NAKAKUNI
Assistant U.S. Attorney


USA v. Peter Posang Wong
"Indictment"
Cr. No. 03-

27